ADAM WANG (STATE BAR NUMBER 201233)
DAL BON & WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 292-1045

Attorney for Plaintiff
Feng Chen

Jeffrey Chen (CSB#189514)
Law Offices of Jeffrey Chen
275 Fifth Street, 4th Floor
San Francisco, CA 94103
Telephone: (415) 348-6269
Facsimile:   (415) 358-8046

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| FENG CHEN, <br><br> Plaintiff, <br><br> vs. <br><br> GOLDEN EAGLE GROUP, INC. DBA PEKING PALACE, WENYING L LO, AND DOES 1-10 <br><br> Defendants | Case No.: C07-04433 CRB <br><br> JOINT CASE MANAGEMENT STATEMENT |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

**1.    JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiff's claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

## 2. FACTS

Plaintiff Feng Chen was employed as a fry cook at Peking Palace restaurant during the four year period prior to the filing of his Complaint. In this action, Plaintiff seeks overtime and other wage and hour claims against Defendants under the authority of both federal and California laws.

The principal factual issues in dispute are:

1. Whether and to what extent Plaintiff is owed overtime wage.

## 3. LEGAL ISSUES

Plaintiff asserts that Defendants failed to pay him overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Plaintiff further alleges that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiff. Plaintiff further alleges that Defendants failed to pay his wages upon termination in violation of California Labor Code § 201. Finally, Plaintiff seeks restitution of overtime wages in accordance with California Business & Professions Code § 17200.

## 4. MOTIONS

The parties anticipate the filing of the following motions:

(a) Plaintiff's Motions for Partial Summary Judgment and/or Summary Judgment to dismiss claims against individual defendants;

(b) Plaintiffs' Motion for Attorney's Fees.

## 5. AMENDMENT OF PLEADINGS

After the identities of all owners of the restaurant have been ascertained through discovery, Plaintiff will amend the complaint to include the owners of the restaurant as employers of Plaintiffs under FLSA and under the theory of piercing corporate veil.

**6.   EVIDENCE PRESERVATION**

Defendants have been notified by their counsel of the obligation to preserve all electronically stored or other evidence.

**7.   DISCLOSURES**

Plaintiff has provided his initial disclosures.

**8.   DISCOVERY**

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**9.   CLASS ACTIONS**

N/A

**10.   RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.   RELIEF**

Plaintiff seeks unpaid overtime and unpaid minimum wage over a four year period.  The damages are to be calculated based on the overtime hours worked and wages paid Plaintiff.  Plaintiff does not have sufficient record and information on the various wages paid him over entire period of his employment to calculate his damages.  Such information would be ascertained through discovery.

**12.   SETTLEMENT AND ADR**

The parties agree to participate in the court-sponsored mediation.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants decline to proceed before a magistrate judge.

**14.   OTHER REFERENCES**

The parties agree that that this case is not suitable for a binding arbitration and do not agree on any other reference.

**15.  NARROWING OF ISSUES**

Parties do not anticipate an agreement to narrow issues.  .

**16.  EXPEDITED SCHEDULE**

The parties do not believe that this case can be put on an expedited schedule.

**17.  SCHEDULING**

The parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a) Fact discovery cutoff on September 30, 2008;

(b) Expert reports October 31, 2008;

(c) Expert rebuttal reports November 30, 2008;

(d) Expert Discovery Cutoff December 31, 2008;

(e) Last day of hearing on dispositive motion on January 11, 2008;

(f) Trial:  March , 2009

(f) The parties agree to meet and confer concerning any modifications to this plan.

**18.  TRIAL**

Plaintiff has requested a jury trial.  Plaintiff's estimate length of trial is 7 court days.

**19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have no one to report other than parties themselves.

**20.  OTHER MATTERS**

None.

DATED:  November 24, 2007          DAL BON & WANG

By: /s/ Adam Wang
    ADAM WANG
    Attorneys for Plaintiff

1  DATED: November 28, 2007        By: /s/Jeffrey Chen
                                        Jeffrey Chen
2                                       Attorneys for Defendants

**JOINT CASE MANAGEMENT STATEMENT**
Chen v. Golden Eagle Group, Inc. et al.