ADAM WANG (SBN 201233)
12 South First Street, Suite 613
San Jose, Ca 95113
Tel:   408-421-3403
Fax:   408-292-1045

Attorney for Plaintiffs
FENG CHEN & GUI RUI GUAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENG CHEN and GUI RUI GUAN<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDEN EAGLE GROUP, INC. DBA PEKING PALACE, WENYING L LO, AND DOES 1-10<br><br>Defendants | Case No: C07-04433 CRB<br><br>[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1) Violation of California Labor Code Section 510;<br>2) Violations of the Federal Fair Labor Standards Act;<br>3) Violation of California Labor Code Section 1197; and<br>4) Violation of California Labor Code Section 226.7.<br>5) Violation of California Labor Code Section 201;<br>6) Violation of California Business and Professions Code Section 17200; and<br>7) Violation of California Labor Code Section 226; and |

**NATURE OF CLAIM**

1. This is an action on behalf of FENG CHEN and GUI RUI GUAN whom had been employed on a salary basis by GOLDEN EAGLE GROUP, INC. dba PEKING PALACE during the last four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's

1    Case No. C07-04433 CRB

**FIRST AMENDED COMPLAINT**
Chen, et al. v. Golden Eagle Group Inc., et al.

fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

2. At all times relevant herein, Plaintiff FENG CHEN is a resident of Napa, California, and Plaintiff GUI RUI GUAN is a resident of San Jose, California.

3. According to belief and information, Defendant GOLDEN EAGLE GROUP, INC. is a corporation doing business in Napa County, California, and owns and operates a Chinese restaurant doing business as PEKING PALACE.

4. According to belief and information, Defendants WENYING L LO and Does 1 to 5, at some relevant times, owned and operated a Chinese restaurant doing business as PEKING PALACE.

5. Individual Defendants and DOES 1-10, at all times relevant herein, are, according to information and belief, officers, owners, or an employee of GOLDEN EAGLE GROUP, INC. and/or Chinese restaurant PEKING PALACE, having control over the Plaintiff's work condition and work situation.

## GENERAL ALLEGATIONS

6. At all times relevant herein, Plaintiffs were employees of Defendants GOLDEN EAGLE GROUP, INC. and/or individual Defendants WENYING L LO and Does 1 to 5 doing business as PEKING PALACE, a restaurant doing business in Napa County, California.

7. Plaintiffs were, according to information and belief, employees of Defendants acting in the normal course and scope of employment duties with Defendants.

8. During the course of Plaintiffs' employment with Defendants, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

9. Plaintiffs were not paid required rate for overtime hours worked.

FIRST AMENDED COMPLAINT
Chen, et al. v. Golden Eagle Group Inc., et al.

10. Plaintiffs did not perform "exempt" duties in his position with Defendants and thus were not subject to any exemption under the Fair Labor Standards Act. The Plaintiffs' primary job did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

11. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of GOLDEN EAGLE GROUP, INC. and/or PEKING PALACE where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any an employee nor did they participate in the development of general administrative policies of GOLDEN EAGLE GROUP, INC. and/or PEKING PALACE

12. Individual Defendants WENYING L LO and Does 1 to 5, inclusive, are liable for the acts of GOLDEN EAGLE GROUP, INC. as the alter egos of GOLDEN EAGLE GROUP, INC. Recognition of the privilege of separate existence would promote injustice because these individual defendants have in bad faith dominated and controlled GOLDEN EAGLE GROUP, INC. Plaintiffs are informed and believe, and thereon al1ege, that Defendants DOES 1 through 10, inclusive, have:

   a. Commingled funds and other assets of GOLDEN EAGLE GROUP, INC. and their own funds and other assets for their own convenience and to assist in evading the payment of obligations;

   b. Diverted funds and other assets of GOLDEN EAGLE GROUP, INC. to other than corporate uses;

   c. Treated the assets of the GOLDEN EAGLE GROUP, INC. as their own;

3   Case No. C07-04433 CRB

FIRST AMENDED COMPLAINT
Chen, et al. v. Golden Eagle Group Inc., et al.

    d.  Failed to obtain authority to issue shares or to subscribe to issue shares of GOLDEN EAGLE GROUP, INC.;

    e.  Failed to maintain minutes or adequate corporate records of GOLDEN EAGLE GROUP, INC.;

    f.  Failed to adequately capitalize or provide any assets to GOLDEN EAGLE GROUP, INC.; and

    g.  Diverted assets from GOLDEN EAGLE GROUP, INC. to themselves to the detriment of creditors, including Plaintiffs.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

13. Plaintiffs re-allege and incorporate paragraphs 1-12 as if fully stated herein.

14. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all an employee are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

15. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

16. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that an employee not paid such payments can recover any monies owed by civil action.

17. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs, in amount to be determined at trial.

18. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

4    Case No. C07-04433 CRB

**FIRST AMENDED COMPLAINT**
Chen, et al. v. Golden Eagle Group Inc., et al.

19. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

20. Pursuant to Labor Code Section 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred by him in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

21. Plaintiffs re-allege and incorporate paragraphs 1-20 as if fully stated herein.

22. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees subject to FLSA.

23. The FLSA, 29 U.S.C. § 207 requires all an employee to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

24. Although Plaintiffs were not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of their regular rate of pay.

25. By not paying overtime wages in compliance with the FLSA, Defendants violated Plaintiffs' rights under the FLSA.

26. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

27. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

28. Defendants therefore owe Plaintiffs the amount of overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

FIRST AMENDED COMPLAINT
Chen, et al. v. Golden Eagle Group Inc., et al.

29. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

### COUNT THREE: VIOLATION OF CALIFORNIA LABOR CODE SECTION1197
### FAILURE TO PAY MINIMUM WAGE

30. Plaintiffs re-allege and incorporate paragraphs 1-29 as if fully stated herein.

31. California Labor Code § 1197 provides that it is unlawful to pay less than the minimum wage established by law.

32. At all times relevant herein, the applicable Industrial Welfare Commission Wage Order, provided for payment of a minimum wage of $ 6.75 per hour.

33. Under the provisions of the Wage Order referred to above, Plaintiffs should have received $6.75 for hours worked during the period employed with defendant, but were paid less, in an exact amount per hour to be determined at trial.

34. Defendants therefore owe Plaintiffs the difference between the amount of wages owed pursuant to the Wage Order and the amount actually paid to them, the exact amount of which will be determined at trial.

35. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

36. Defendants' failure to pay Plaintiffs the sum required by the applicable Wage Order violates the provision of Labor Code Section 1197 and is therefore unlawful.

37. Pursuant to Labor Code Section 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred by him in this action.

6    Case No. C07-04433 CRB

FIRST AMENDED COMPLAINT
Chen, et al. v. Golden Eagle Group Inc., et al.

## COUNT FOUR: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7
## FAILURE TO PROVIDE MEAL AND REST PERIODS

38. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-37 as if fully stated herein.

39. At relevant times herein, Plaintiffs' employment was subject to the provisions of California Labor Code §226.7, which requires employer to provide an employee a half-hour meal period for every five hours worked, unless expressly exempt.

40. During his employment with Defendants, Plaintiffs worked in excess of five hours per day, and were not provided a half-hour meal period as required by law.

41. For each time that Plaintiffs and other hourly an employee were not provided the required meal and/or rest period, they are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

42. Plaintiffs are therefore entitled to payment, in an amount to be proven at trial, for each meal period that Defendants failed to provide.

## COUNT FIVE: VIOLAITON OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

43. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

44. At the time Plaintiffs' employment with Defendants was terminated, Defendants owed Plaintiffs certain unpaid wages in amount previously alleged.

45. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

7    Case No. C07-04433 CRB

FIRST AMENDED COMPLAINT
Chen, et al. v. Golden Eagle Group Inc., et al.

46. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

### COUNT SIX: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

47. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-46 as if fully stated herein.

48. At all times relevant herein, Plaintiffs' employment with Defendants was subject to the FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

49. At all times relevant herein, as the employer of Plaintiffs, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code §§17000 et seq.), but failed to pay the Plaintiffs overtime pay and premium pay for missed meal periods as required by FLSA, and applicable California Labor Code and applicable Wage Orders.

50. During the period Plaintiffs were employed with Defendants, Defendants failed to pay Plaintiffs legally required overtime pay to which they were legally entitled, with Defendants keeping to themselves the amount which should have been paid to Plaintiffs.

51. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving Defendants a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

8   Case No. C07-04433 CRB

FIRST AMENDED COMPLAINT
Chen, et al. v. Golden Eagle Group Inc., et al.

52. As a direct and proximate result of Defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

53. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

54. Plaintiffs, having been illegally deprived of the overtime pay to which he were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

**COUNT SEVEN: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**

**INADEQUATE PAY STATEMENTS**

55. Plaintiffs re-alleges and incorporates the allegations of paragraphs 1-54 as if fully stated herein.

56. California Labor Code Section 226 provides that all employers shall provide to an employee accurate and complete wage statements including, but not limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

57. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

58. During the course of Plaintiffs' employment, Defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

**FIRST AMENDED COMPLAINT**
Chen, et al. v. Golden Eagle Group Inc., et al.

59. Defendants failed to provide such adequate statements willingly and with full knowledge of his obligations under Section 226.

60. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

61. Plaintiffs are therefore legally entitled to recover actual damages caused by Defendants' failure to provide proper records, in an amount to be determined at trial.

62. Plaintiffs have incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

1. For compensatory damages per California Labor Code §1194 for unpaid overtime wages in an amount to be determined at trial;

2. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

3. For compensatory damages for unpaid minimum and liquidated damages equal to the unpaid minimum wages;

4. For premium pay for misled meal period;

5. For restitution of unpaid overtime, minimum wage and missed meal period premium pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

6. For waiting time penalty damages of thirty days wages to each Plaintiff, pursuant to California Labor Code § 203 in an amount to be determined at trial;

7. For damages for inadequate pay statements pursuant to California Labor Code § 226 in an amount to be determined at trial;

10    Case No. C07-04433 CRB

**FIRST AMENDED COMPLAINT**
Chen, et al. v. Golden Eagle Group Inc., et al.

8. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

9. Plaintiffs ask the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

10. For costs of suit herein; and

11. For such other and further relief as the Court may deem appropriate.

Dated: December 21, 2007                                             DAL BON & WANG

                                                                     By: _____
                                                                         Adam Wang
                                                                         Attorney for Plaintiffs
                                                                         Feng Chen & Gui Rui Guan

11   Case No. C07-04433 CRB

FIRST AMENDED COMPLAINT
Chen, et al. v. Golden Eagle Group Inc., et al.