ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 292-1045

Attorney for Plaintiffs

Brian Y.K. Ching, ESQ, State Bar Number 079456
Law Offices of Brian Y.K. Ching
1412 Powell Street, Suite# A
San Francisco, CA 94133
Telephone: (415) 956-9268
Fax: (415) 956-9568
rocketkit@hotmail.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| FENG CHEN, ET AL<br><br>          Plaintiff,<br><br>     vs.<br><br>GOLDEN EAGLE GROUP, INC. ET AL<br><br>          Defendants | Case No.: C07-04433 CRB<br><br>JOINT CASE MANAGEMENT STATEMENT |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

**1.     JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

1                                                                    **C07-04433 CRB**

**JOINT CASE MANAGEMENT STATEMENT**
**CHEN V. GOLDEN EAGLE GROUP, INC. ET AL.**

## 2. FACTS

Plaintiffs were employed as cooks at Peking Palace restaurant during the four year period prior to the filing of his Complaint. In this action, Plaintiffs seek overtime and other wage and hour claims against Defendants under the authority of both federal and California laws.

The principal factual issues in dispute are:

1. Whether and to what extent Plaintiffs are owed overtime wage.

## 3. LEGAL ISSUES

Plaintiffs assert that Defendants failed to pay them overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* Plaintiffs further allege that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiffs. Plaintiffs further allege that Defendants failed to pay their wages upon termination in violation of California Labor Code § 201. Finally, Plaintiffs seek restitution of overtime wages in accordance with California Business & Professions Code § 17200.

Defendants raise the issues of estoppels and unlawful contracts.

## 4. MOTIONS

The parties anticipate the filing of the following motions:

(a) Plaintiffs' Motion for Leave to File Second Amended Complaint to Add new individual defendants and to allege fraudulent conveyance and claims for civil penalties under California Labor Code Private Attorney General's Act.

(b) Plaintiffs' Motions for Partial Summary Judgment and/or Summary Judgment to dismiss claims against individual defendants;

(c) Plaintiffs' Motion for Attorney's Fees.

(d) Defendants' motion for summary judgment.

**JOINT CASE MANAGEMENT STATEMENT**
**CHEN V. GOLDEN EAGLE GROUP, INC. ET AL.**

## 5. AMENDMENT OF PLEADINGS

Parties have untaken two mediations, one sponsored by the Court, and other private. Plaintiffs believe that adding new defendants and addressing the issue of fraudulent conveyance in this action is not only necessary to ensure Plaintiffs have a meaningful remedy, but also helpful for a speedy and just resolution of this case. Plaintiff will amend the complaint to include another owner of the restaurant as employers of Plaintiffs under FLSA and under the theory of piercing corporate veil, and fraudulent conveyance theory. Plaintiff will seek to allege the civil penalties under California Labor Code § 558 through Private Attorney General's Act, which allow personal liability for California law claims.

## 6. EVIDENCE PRESERVATION

Defendants have been notified by their counsel of the obligation to preserve all electronically stored or other evidence.

## 7. DISCLOSURES

Plaintiff has provided his initial disclosures.

## 8. DISCOVERY

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure. Plaintiffs have served the first round of discoveries months ago, and Defendants have recently served their responses in light of the failed settlement efforts.

## 9. CLASS ACTIONS

N/A

## 10. RELATED CASES

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**JOINT CASE MANAGEMENT STATEMENT**
**CHEN V. GOLDEN EAGLE GROUP, INC. ET AL.**

**11.    RELIEF**

Plaintiff seeks unpaid overtime and unpaid minimum wage over a four year period. The damages are to be calculated based on the overtime hours worked and wages paid Plaintiff.

**12.    SETTLEMENT AND ADR**

The parties have participated in one court-sponsored mediation, and one session of private mediation with Judge Alex Saldamando. The parties have explored all benefits of alternative dispute resolution process, and have been unable to reach an agreement. Parties do not believe any further ADR process will be constructive at this point, and request that the Court vacate its order referring this case to Judge James for conference, which is currently on calendar on June 2, 2008.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants decline to proceed before a magistrate judge.

**14.    OTHER REFERENCES**

The parties agree that that this case is not suitable for a binding arbitration and do not agree on any other reference.

**15.    NARROWING OF ISSUES**

Parties do not anticipate an agreement to narrow issues.  .

**16.    EXPEDITED SCHEDULE**

The parties do not believe that this case can be put on an expedited schedule.

**17.    SCHEDULING**

The parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a)    Fact discovery cutoff on December 31, 2008;

(b)    Expert reports January 31, 2008;

**JOINT CASE MANAGEMENT STATEMENT**
**CHEN V. GOLDEN EAGLE GROUP, INC. ET AL.**

    (c)    Expert rebuttal reports February 28, 2009;

    (d)    Expert Discovery Cutoff March 31, 2009;

    (e)    Last day of hearing on dispositive motion on April 10, 2009;

    (f)    Trial:  June , 2009

    (f)    The parties agree to meet and confer concerning any modifications to this plan.

**18.  TRIAL**

Plaintiff has requested a jury trial.  Plaintiff's estimate length of trial is 7 court days.

**19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have no one to report other than parties themselves.

**20.  OTHER MATTERS**

None.

DATED:  May 29, 2008

By: /s/ Adam Wang
ADAM WANG
Attorneys for Plaintiffs

DATED:  May 29, 2008

By: /s/Brian Y. K. Ching
Brian Y. K. Ching
Attorneys for Defendants

**JOINT CASE MANAGEMENT STATEMENT**
**CHEN V. GOLDEN EAGLE GROUP, INC. ET AL.**