UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENG CHEN, *et al.*, | No. C-07-4433 CRB (EMC) |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO COMPEL** |
| GOLDEN EAGLE GROUP, INC., *et al.*, | **(Docket No. 36)** |
| Defendants. | |

Plaintiff Feng Chen has filed suit against Defendants, claiming, *inter alia*, failure to pay overtime in violation of both federal and state law. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Defendants' motion to compel.

## I. DISCUSSION

As noted above, Mr. Chen seeks overtime in the instant case. Defendants contend that Mr. Chen is not entitled to overtime pay because he was actually paid for at least some of his overtime through "under-the-table" payments. Defendants further contend that Mr. Chen is barred from being paid any overtime based on the doctrine of unclean hands or the related common law defense *in pari delicto*. According to Defendants, "[Mr.] Chen convinced [D]efendants to pay him a portion of his wages in cash and not to reflect the full amount of wages paid him in his pay statements so that he could receive government assistance benefits based on low-income qualifications, including Section-8 housing, food stamps, and other similar benefits." Mot. at 1-2.

1  In the currently pending motion, Defendants seek to compel Mr. Chen to answer questions at his deposition about any governmental assistance he received. In their motion, Defendants argued that the discovery sought is relevant to its unclean hands defense. At the hearing on the motion, Mr. Chen admitted that he did receive under-the-table payments from Defendants; however, according to Mr. Chen, he still was not completely compensated for the overtime that he worked. In response, Defendants maintained that Mr. Chen is still barred from receiving any overtime pay that might be due based on the unclean hands doctrine.

The question is whether the information sought by Defendants is relevant. Now that Mr. Chen has admitted that he did receive under-the-table payments from Defendants, the Court concludes that the specific information sought is not relevant. Mr. Chen has conceded that he engaged in illegal conduct by accepting under-the-table payments presumably from which required withholdings were not taken and reported. Defendants have not demonstrated *why* Mr. Chen engaged in that conduct (*i.e.*, Mr. Chen's motive to under-report wages in order to obtain government benefits) is necessary in order to pursue their unclean hands or *in pari delicto* defense. In presenting the *in pari delicto* defense, Defendants need not show that Mr. Chen had an especially reprehensible purpose in violating the law in order to prevail; the *in pari delicto* defense simply asks who is more morally blameworthy -- the plaintiff or the defendant -- for the unlawful conduct that has occurred. *See Medina v. Safe-Guard Products, Internat'l, Inc.*, 164 Cal. App. 4th 105, 110 (2008). As noted by the Supreme Court, "a defendant cannot escape liability [under the defense] unless, as a direct result of the plaintiff's own actions, the plaintiff bears at least substantially equal responsibility for the underlying illegality." *Pinter v. Dahl*, 486 U.S. 622, 635-36 (1988) ("'Plaintiffs who are truly in pari delicto are those who have themselves violated the law in cooperation with the defendant.'"); *see also Doe I v. Reddy*, No. C 02-05570 WHA, 2003 U.S. Dist. LEXIS 26120, at *26-27 (N.D. Cal. Aug. 4, 2003) (stating that "[i]n pari delicto means 'in equal fault' and is a common-law doctrine which bars a plaintiff's recovery due to his own wrongful conduct").

Here the underlying illegality -- receipt of unreported wages -- is no longer in dispute. The reason for such conduct -- whether it be *e.g.*, to obtain government benefits, hide assets from

creditors, avoid paying taxes, etc. -- is collateral to the unlawful conduct itself. Defendants have not shown how the motive for or consequences of the illegal conduct is necessary to establish the *in pari delicto* defense.

Accordingly, Defendants are free to argue unclean hands or the related common law defense of *in pari delicto* based on Mr. Chen's admission alone. The Court therefore denies Defendants' motion to compel. The Court emphasizes that its ruling here is based on Mr. Chen's admission that he did receive under-the-table payments from Defendants and that he will not deny that such conduct was taken knowingly by Mr. Chen and violated the law. Should Mr. Chen attempt to backtrack from this position, Defendants will be free to seek relief from this Court and/or the presiding judge.

As a final point, the Court notes that it does not make any ruling as to whether the unclean hands doctrine or *in pari delicto* defense is a viable defense in the instant case. That is a determination to be made by Judge Breyer. The Court notes, however, that it has its doubts as to the viability of the unclean hands defense, not only because of the holdings in *Ghorg v. Al-Lahham*, 209 Cal. App. 3d 1487, 1492 (1989) (noting that "[p]rinciples of equity cannot be used to avoid a statutory mandate" such as that contained in California Labor Code § 1194), and *Bartholomew v. Heyman Properties, Inc.*, 132 Cal. App. 2d 889, 925-26 (1955) (pointing out that, in *Lewis v. Ferrari*, 34 Cal. App. 2d Supp. 767 (1939), relied upon by Defendants here, there was no discussion of California Labor Code § 1194), but also because of the specific factual situation here which is different from that in *Lewis*. In *Lewis*, the plaintiff was trying to get paid for conduct that was specifically illegal under a statute. In the instant case, Mr. Chen's working overtime is not illegal. What is illegal is his failure to record all of his wages. As Mr. Chen notes, this illegal conduct "is not directly related to [his] wage claims." Opp'n at 5. That is, requiring Defendants to pay Mr. Chen for all of his overtime that he was due under the federal and state statutes at issue would not require the Court to vindicate Mr. Chen's unlawful conduct (*i.e.*, failure to report all of his income). *Cf. Yoo v. Jho*, 147 Cal. App. 4th 1249, 1255 (2007) (noting that "[n]o principle of law is better settled than that a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out" and that "[t]he courts generally will not enforce an illegal bargain or lend

their assistance to a party who seeks compensation for an illegal act") (internal quotation marks omitted); *see also Memorex Corp. v. International Business Machines Corp.*, 555 F.2d 1379, 1381 (9th Cir. 1977) ("*In pari delicto* . . . asserts that a plaintiff who participated in the wrongdoing cannot recover when he suffers injury as a result of that wrongdoing."). Plaintiff is not seeking "compensation for an illegal act" nor does he appear to claim injury "as a result of that wrongdoing" of not reporting wages paid or earned. He does not deny that Defendants should be credited for amounts it proves to have been paid to Plaintiff, whether recorded or unrecorded.

## II.  CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to compel. By denying the motion, the Court does not preempt any determination by the presiding judge as to the viability of the unclean hands or *in pari delicto* defense. It is also denied without prejudice to a renewed request for relief should Plaintiff refuse to admit he knowingly violated the law by receiving unreported wages.

This order disposes of Docket No. 36.

IT IS SO ORDERED.

Dated:  October 21, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge